(953 P.2d 227)

No. 78,270

STATE OF KANSAS, *Appellant*, v. CHRISTINE REUTEBUCH, *Appellee*.

Opinion filed October 3, 1997.

*Thomas Alongi*, assistant county attorney, and *Carla J. Stovall*, attorney general, for the appellant.

*Ronald L. Hodgson*, of Manhattan, for the appellee.

Before LEWIS, P.J., GERNON, J., and CHARLES E. WORDEN, District Judge, assigned.

WORDEN, J.: The State appeals from the district court's order suppressing the statements made by Christine Reutebuch to a court services officer prior to sentencing, arguing the statements should be admissible as evidence.

When considering a district court's decision to suppress evidence, the appellate court reviews the facts by a substantial competent evidence standard of review and reviews the ultimate legal decision drawn from those facts de novo with independent judgment. *State v. Webber*, 260 Kan. 263, Syl. ¶ 3, 918 P.2d 609 (1996), *cert. denied* 519 U.S. 1090 (1997).

In the present case, the relevant facts are not in dispute. Reutebuch pled guilty to one count of sale of methamphetamine and one count of possession of marijuana in exchange for the State's agreement to dismiss several other drug charges and promise not to request a departure at sentencing. The district court ordered a presentence investigation (PSI) report prior to sentencing.

Reutebuch met with the court services officer and completed a "defendant's version" of the crime on the PSI report. It stated: "I was the one who thought, 'everyone else does it-I can to [sic].' I was the one who made the sales. I also did not want this to be something I would do on a regular basis."

At the sentencing hearing, the district court withdrew Reutebuch's plea based on its finding that the plea was not knowingly made. The original charges were reinstated, a plea of not guilty was entered for defendant, and the matter was set for trial.

Reutebuch moved to suppress the incriminating statements she made in her PSI report. In granting Reutebuch's motion to suppress, the district court found that "the probation officer was functioning as an arm of the court when it was performing its duty to prepare a presentence investigation, and that the prosecution should not be permitted to use statements made during that interview as evidence in its case-in-chief."

Reutebuch made the statements in the PSI report because she had already pled guilty to the offenses and her Fifth Amendment rights were gone as to the original offense. Without such plea in place, it is unlikely she would have made any such statements. It follows that because the statements were made in connection with the plea, such statements should be suppressed when the plea was withdrawn.

Furthermore, K.S.A. 1996 Supp. 21-4714(c) states:

"The presentence report will become part of the court record and shall be accessible to the public, except that the . . . defendant's version . . . shall be accessible only to the parties, the sentencing judge, the department of corrections, and if requested, the Kansas sentencing commission. If the offender is committed to the custody of the secretary of corrections, the report shall be sent to the secretary and, in accordance with K.S.A. 75-5220 and amendments thereto to the warden of the state correctional institution to which the defendant is conveyed."

The statute specifically limits access of the PSI report to the parties, the sentencing judge, the DOC, and the Kansas Sentencing Commission. Thus, it is obvious that the PSI report is compiled for *sentencing* purposes. See K.S.A. 1996 Supp. 21-4714(b)(1), (c).

The State cites to *Minnesota v. Murphy*, 465 U.S. 420, 79 L. Ed. 2d 409, 104 S. Ct. 1136 (1984), as authority that the confession should be admissible. In *Murphy*, defendant pled guilty to a false imprisonment charge. He was sentenced to a prison term of 16 months, which was suspended, and he received 3 years' probation. The terms of his probation required him to participate in a treatment program for sexual offenders, report to his probation officer as directed, and be truthful with the probation officer. Defendant was informed that failure to comply with the conditions could result in his probation being revoked.

In *Murphy*, defendant's counselor informed his probation officer that during the course of treatment, defendant admitted to a rape and murder. The probation officer contacted defendant and told defendant about the information she had received from his counselor. During the course of the meeting, defendant admitted to having committed the rape and murder. At the end of the meeting, the probation officer told defendant that she had a duty to relay the information to the authorities.

Defendant sought to suppress the testimony, claiming violations of his Fifth and Fourteenth Amendment rights. The United States Supreme Court granted *certiorari* to resolve the question whether a statement made by a probationer to his probation officer without prior warnings is admissible in a subsequent criminal proceeding. The court held:

"[S]ince [defendant] revealed incriminating information instead of timely asserting his Fifth Amendment privilege, his disclosures were not compelled incriminations. Because he had not been compelled to incriminate himself, Murphy could not successfully invoke the privilege to prevent the information he volunteered to his probation officer from being used against him in a criminal prosecution." 465 U.S. at 440.

The present case can be distinguished from *Murphy* in several respects. In *Murphy*, the defendant was on probation when he gave his statements, whereas in the present case, Reutebuch had not

yet been sentenced. Also, *Murphy* involved a confession about a different crime than the one for which defendant was serving a sentence. In the present case, Reutebuch's confession went to the same offense for which she had just entered an invalid plea.

We find that *Murphy* is not controlling in this matter, and the judgment of the district court is hereby affirmed.

Affirmed.